**SO ORDERED.**

**SIGNED this 03 day of May, 2012.**

_____
**Randy D. Doub
United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION**

IN RE:

| | |
|---|---|
| MARVIN T. ADAMS, | CHAPTER 13 |
| JEAN M. ADAMS, | CASE NO. 12-00553-8-RDD |
| DEBTORS. | |

**ORDER**

Pending before the Court is the Notice of Postpetition Mortgage Fees, Expenses, and Charges filed by EverBank on March 20, 2012, the Trustee's Objection to Notice of Postpetition Mortgage Fees, Expenses and Charges filed by the Chapter 13 Trustee on March 22, 2012 and the Response to Trustee's Objection to Notice of Postpetition Mortgage Fees, Expenses and Charges filed by EverBank on March 30, 2012. The Court conducted a hearing on these matters in Greenville, North Carolina on April 24, 2012.

The Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on January 23, 2012. On March 20, 2012, EverBank filed a Notice of Mortgage Payment Change, providing that the debtor's monthly escrow payment amount was going to decrease from $513.43 to $327.62. On that same day, EverBank filed a filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges providing a $50.00 charge incurred on the debtor's mortgage account. The

$50.00 charge was described as "attorney's fees for preparation of notice of mortgage payment change form." The Chapter 13 Trustee objected to the Notice of Postpetition Mortgage Fees, Expenses, and Charges.

The Chapter 13 Trustee contends that preparing the notice of mortgage payment change form is a ministerial task that does not require the assistance of legal counsel. The Trustee contends that notices of this type are being filed in great volume.

Counsel for EverBank contends that attorney involvement is necessary to ensure mortgage lenders with a security interest in the debtor's principal residence comply with Rule 3002.1 of the Federal Rules of Bankruptcy Procedure. Counsel for EverBank represents that when filing a Notice of Mortgage Payment change she reviews the filings in the bankruptcy case, the escrow analysis, the notice of mortgage payment change form, and directs the filing of the notice of mortgage payment change form required by Rule 3002.1. Counsel for EverBank argues that based on this, the $50.00 charge is reasonable.

Mortgage companies have routinely served notices of mortgage payment change on debtors without the assistance of an attorney. *In re White*, No. 10-01628-8-JRL at 2 (Bankr. E.D.N.C. April 30, 2012) (noting however, that there are instances where a mortgage lender may validly claim attorneys' fees as a postpetition expense). "While the addition of Federal Rule of Bankruptcy Procedure 3002.1 did change which parties must be served with notice and provided new official forms, it had no effect on the underlying services." *Id.* (denying mortgage holder's request for attorneys' fees incurred as a result of preparing a notice of mortgage payment change). Counsel for EverBank has failed to show the services provided require the assistance of an attorney. Therefore,

the Trustee's objection is **SUSTAINED**, and EverBank's claim for attorneys' fees is **DISALLOWED**.

**SO ORDERED.**

**END OF DOCUMENT**